UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY FRANCIS JORDAN,

    Plaintiff,

v.                                      Case No: 8:23-cv-2899-KKM-NHA

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER

Gary Jordan appeals a decision by the Commissioner of Social Security denying Jordan's request for disability benefits. Compl. (Doc. 1); 42 U.S.C. § 405(g). The Magistrate Judge recommends that I affirm the Commissioner's decision. R&R (Doc. 19). For the reasons below, I adopt the Magistrate Judge's Report and Recommendation and affirm.

## I.  BACKGROUND

Jordan tried to retire from his job as an engineering maintenance manager in January 2019, when he was 62. R. (Doc. 11) 35–36. His boss asked him to stay on until he could find a replacement, so Jordan kept working until August 16, 2020. R. 36. He later sought social security disability benefits starting from that date based on orthopedic problems in his feet, a lower back injury, arthritis, psoriasis, coronary artery disease, gastroesophageal

reflux disease, high blood pressure, plantar fasciitis, an enlarged prostate, dermatitis, and knee pain. R. 187, 221, 257. The Commissioner determined, both initially and on reconsideration, that Jordan was not disabled. R. 66-82.

Jordan requested an administrative hearing, and the administrative law judge reached the same conclusion. R. 25, 94. The ALJ found that Jordan had not engaged in "substantial gainful activity" since August 16, 2020, and that he had several severe impairments: "degenerative disc disease of the lumbar spine; osteoarthritis of the knees; non-obstructive coronary artery disease and psoriasis." R. 19 (citing 20 C.F.R. § 404.1520(c)). She then concluded that none of these impairments met or equaled an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (which would have rendered Jordan categorically disabled). R. 20; *see* 20 C.F.R. § 404.1520(d). Next, the ALJ found that Jordan "had the residual functional capacity to perform light work[1] . . . except he can only occasionally climb, stoop and crouch; he can frequently balance, kneel, and crawl; he can have frequent exposure to unprotected heights, dangerous equipment, extreme heat and extreme cold and vibrations." R. 20. Based on that finding and a vocational expert's assessment of Jordan's past work, the ALJ concluded that Jordan's past work as a

---

[1] The social security regulations define "light work" as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," at least "a good deal of walking or standing," or "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

2

maintenance supervisor did not require the performance of duties beyond his residual functional capacity and, as a result, he was not disabled. R. 23–24; *see* 20 C.F.R. § 404.1520(e)–(f).

Jordan sought review of the ALJ's decision with the Social Security Administration's Appeals Counsel, which was denied. R. 1–3. He then filed his complaint in this Court. After briefing, the Magistrate Judge issued a Report and Recommendation recommending that I affirm the Commissioner's decision denying Jordan benefits. R&R.

Jordan objects to the R&R. Obj. (Doc. 20).

## II.  LEGAL STANDARD
### A. Review of a Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

### B. Substantive Social Security Law and Review of ALJ Decisions

To be entitled to social security benefits, a claimant must be disabled—unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* §§ 423(d)(3), 1382c(a)(3)(D).

To regularize claims processing, the Social Security Administration has promulgated detailed regulations that establish a "sequential evaluation process" to determine disability. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. *Id.* § 404.1520(a)(4). Under the Administration's regulations, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in "substantial gainful activity"; (2) whether the claimant has a severe impairment—one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. *Id.* If the claimant cannot perform the tasks required by his or her prior

work, the ALJ must (5) decide whether the claimant can do other work in the national economy given the claimant's age, education, and work experience. *Id.* Before proceeding through steps (4) and (5), the ALJ must calculate a claimant's residual functional capacity, which determines the type of work that the claimant can perform despite her impairments. A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 404.1520(g).

If the ALJ's determination that a claimant is not disabled is supported by substantial evidence, it must be upheld so long as the determination applies the correct legal standard. *See* 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). "The phrase 'substantial evidence' is a 'term of art' " that "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019) (first quoting *T-Mobile S., LLC v. City of Roswell*, 574 U.S. 293, 301 (2015); then quoting *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Thus, in reviewing the Commissioner's decision, I "may not decide the facts anew, reweigh the evidence, or substitute [my] judgment for that of the [ALJ]," "[e]ven if [I] find that the evidence preponderates against the [ALJ's] decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). No such deference applies to legal conclusions, and the ALJ's "failure to apply the correct law" or to provide "sufficient

5

reasoning" to determine that he or she has conducted "the proper legal analysis" requires reversal. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## III.   ANALYSIS

Jordan objects to the Magistrate Judge's resolution of the four principal arguments in his brief. Specifically, he argues that the Magistrate Judge erred in concluding that the ALJ (1) permissibly evaluated the medical opinions in the record, (2) was permitted to conclude that Jordan's psoriasis did not limit his use of his hands, (3) posed a proper hypothetical to the vocational expert, and (4) permissibly dismissed Jordan's own testimony. *See generally* Obj. I agree with the Magistrate Judge.

### A. The ALJ Permissibly Evaluated the Medical Opinion Evidence

To start, Jordan objects to the R&R's rejection of his arguments challenging the ALJ's evaluation of medical opinions in his proceeding.

1. The ALJ Permissibly Discounted the Opinion of Dr. Penico as to Jordan's Need for a Cane

Jordan first objects to the R&R's conclusion that the ALJ did not err in her treatment of the testimony of Dr. Peter Penico.

Dr. Penico examined Jordan on August 4, 2022. R. 672. As part of his examination, he answered a form question asking, "DESCRIBE GAIT AND STATION: If an assistive device is used for ambulation, comment on its medical necessity and the patient's ability to

6

walk without it." R. 678. In response, ~~Dr.~~ Penico handwrote in that "[Jordan] has to walk with a cane. It is slow + wide based." *Id.*

> In reviewing this evidence, the ALJ reasoned that
>
> The use of a cane seems to be inconsistent with the medical record as a whole, where there is little, if any, mention of a cane. It is unclear if the doctor was saying the claimant was using a cane or needed a cane. If it is that the claimant needed a cane, then that is not persuasive because it is inconsistent with the medical evidence of record. Indeed, the claimant has not alleged such a need.

R. 22. As a result, she did not account for the use of a cane when assessing Jordan's residual functional capacity. *Id.* The Magistrate Judge concluded that this decision was permissible. R&R at 21–22.

Jordan advances several arguments in opposition to this conclusion. First, he argues that Dr. Penico's statement that Jordan "has to walk with a cane" is "unequivocally" "a medical opinion" and that to the extent the ALJ discarded that opinion, she impermissibly substituted her lay opinion for that of the medical expert. Obj. at 2.

It is far from clear that Dr. Penico's statement that Jordan "has to walk with a cane" was a medical opinion rather than a description of Jordan's present practice. And even if it was a medical opinion, while an ALJ may not substitute her own assessment of a claimant's condition for that of a medical expert, *Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir. 1982), the ALJ did not do so here. An ALJ is permitted to reject a medical opinion if she provides sufficient reasons for doing so. *See Hensley v. Colvin*, 89 F. Supp. 3d 1323, 1328

7

(M.D. Fla. 2015). Here, the ALJ discounted any conclusion that Jordan needs a cane as inconsistent with the other medical evidence in the record. R. 22.

Jordan argues in turn that use of a cane is consistent with the other record evidence. He points to the certification of Dr. Todd Miller via a form application for a disabled person parking permit that Jordan "is a disabled person with a permanent disability (ties) that limits or impairs his/her ability to walk 200 feet without stopping to rest." R. 842; *see* Obj. at 2–3. As the Magistrate Judge notes, the ALJ considered this evidence and concluded that it was "unpersuasive" because "it is contradicted by the actual findings of the doctor's own examinations and is contradicted by the claimant's statements to his medical providers that he walks miles a day." R. 22.

Jordan responds that, properly understood, there is no evidence that he could walk "miles a day." Obj. at 3. Not so. Dr. Miller's own notes from August 18, 2020, reflect that Jordan represented that he "has been walking 1 to 2 miles per day at moderate pace." R. 521; *cf.* R. 525 (recounting that as of February 18, 2021, Jordan was still walking around his neighborhood). The ALJ's conclusion was thus supported by substantial evidence. *See Hairston v. Comm'r of Soc. Sec.*, No. 3:16-CV-733-J-PDB, 2017 WL 4021447, at *8–9 (M.D. Fla. Sept. 13, 2017) (concluding that substantial evidence supported the ALJ's

conclusion that a cane was not medically necessary despite a doctor's prescription of a cane where other medical evidence showed that the claimant could walk without a cane).[2]

### 2. The ALJ Permissibly Relied on the State's Medical Experts' Opinions

Next, Jordan contends that the ALJ's conclusion is not supported by substantial evidence because the ALJ relied on the opinions of the state's medical experts, Dr. Bradley Stephens and Dr. Minal Krishnamurthy. Obj. at 4–5. The ALJ found that those doctors' opinions were "generally consistent with and supported by the medical evidence of record" and thus "generally persuasive" despite "slight discrepancies." R. 22–23. Jordan argues that evidence that is "generally consistent" with the record and "generally persuasive" cannot amount to substantial evidence. Obj. at 4. He cites no authority in support of this view and argues only that concluding that "generally persuasive" evidence is "adequate to support a denial of benefits seems to fall short of the intent and purpose of the new regulations." *Id.* In the absence of any real explanation of why the Magistrate Judge erred in concluding that an ALJ may "find[] a medical opinion to be generally persuasive," R&R at 18, this argument fails, *see also, e.g.*, *Arzola v. O'Malley*, No. 8:22-CV-2022-CPT, 2024 WL 1343020, at *10–11 (M.D. Fla. Mar. 29, 2024) (affirming decision in which ALJ relied on medical

---

[2] While Jordan points out that the ALJ misread a medical report as saying that Jordan could walk two to five miles per day in 2020 when the report actually said 2015, Obj. at 3; R. 410, this error was harmless in the light of the other evidence that the ALJ cites that Jordan could walk between one and two miles in 2020, *see Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (applying harmless-error review in the social security context); *Caldwell v. Barnhart*, 261 F. App'x 188, 190–91 (11th Cir. 2008) (per curiam) (same).

opinion evidence as "generally persuasive"); *Redrick v. Comm'r of Soc. Sec.*, No. 8:21-CV-1436-WFJ-JSS, 2022 WL 17718606, at *1 (M.D. Fla. Dec. 15, 2022) (same).

Jordan also makes three more short arguments. First, he argues that the Commissioner forfeited any response to Jordan's argument that "generally persuasive" opinions cannot amount to substantial evidence, so the Magistrate Judge should not have addressed that question (other than, presumably, to remand on that basis). Obj. at 5. This argument fails because the Commissioner did respond to that argument. *See* Resp. Br. (Doc. 15) at 7–9. Second, Jordan says that "the Commissioner and Magistrate [Judge] have waived" any response to his argument that "the ALJ's finding the opinions of the state agency medical consultants persuasive because their opinions are consistent with her [residual functional capacity] is flawed." Obj. at 5. Magistrate judges cannot forfeit arguments. And in any event, the ALJ did not say that she found the medical opinions persuasive "because" they were consistent with her assessment of Jordan's residual functional capacity, Obj. at 5; Opening Br. (Doc. 13) at 10, but "*to the extent* they are consistent with the residual functional capacity," R. 23 (emphasis added). The ALJ's statement is best read to explain what parts of the medical opinions she found persuasive, not why she found them persuasive. *See* R&R. at 18 ("The ALJ clarified that she found the opinions unpersuasive on the points she did not incorporate into the [residual functional capacity] (R. 23), which the Court could readily identify.").

10

Third and finally, Jordan contends that the Magistrate Judge impermissibly "second guess[ed] the intentions of the ALJ" when she interpreted the ALJ's comments about "slight discrepancies" to refer to "slight discrepancies between the State Agency medical experts." Obj. at 5; *see* R&R at 19. Given that the ALJ was discussing the two doctor's medical opinions and that there are "slight discrepancies" between them, the Magistrate Judge did not "second guess" the ALJ's intentions—she reasonably interpreted the ALJ's written decision. *Compare, e.g.*, R. 70–71 (concluding that Jordan can crawl frequently and need not avoid exposure to extreme cold, extreme heat, or vibration), *with* R. 79 (concluding that Jordan can crawl occasionally and should avoid concentrated exposure to extreme cold, extreme hot, and vibration).

None of Jordan's objections to the Magistrate Judge's resolution of his challenges to the ALJ's assessment of the medical opinions have merit.

### B. The ALJ Permissibly Concluded that Jordan's Psoriasis Did Not Limit the Use of his Hands

Jordan next argues that the ALJ improperly evaluated the impact of his psoriasis because she concluded that while his psoriasis was a severe impairment, it did not limit his use of his hands. Obj. at 6–9. As the Magistrate Judge correctly explained, the evidence in the record shows that Jordan's psoriasis impacted both his hands and knees, and the ALJ concluded that Jordan's use of his knees was limited and referenced Jordan's grip strength in rejecting a limitation on the use of his hands. *See* R&R at 28–30; *see also* R. 21

("[Jordan] alleges [his psoriasis] causes him problems with his hands, but he was found to have 5/5 grip strength bilaterally."); R. 760 (noting that as of December 16, 2022, Jordan had psoriasis on both knees); R. 20 (finding that Jordan is limited in his ability to kneel and crawl but finding no limitation on the use of his hands).

Contrary to Jordan's claim, the ALJ and the Magistrate Judge did not "disregard the fact that psoriasis causes cracked, bleeding, painful skin which impairs hand function and can prevent the affected individual from being able to use his hands and that psoriatic arthritis affects the joints resulting in pain and stiffness." Obj. at 8. Instead, the ALJ simply concluded that Jordan's "psoriasis and possibly psoriatic arthritis" did not substantially limit his use of his hands based on evidence of his grip strength. R. 21; see Shipley v. Colvin, No. 1:15-CV-00065-RLY, 2015 WL 6080687, at *3 (S.D. Ind. Oct. 15, 2015) (concluding that ALJ's conclusion that psoriasis did not significantly limit a claimant's ability to do basic work activities was supported by substantial evidence where the claimant had normal grip strength and normal fine motor skills).

Jordan has not shown that the Commissioner's decision was not supported by substantial evidence based on the ALJ's consideration of his psoriasis.

### C. The ALJ's Hypothetical Question to the Vocational Expert was Proper

Jordan argues that the hypothetical question that the ALJ put to the vocational expert omitted some of his impairments, so the expert's testimony cannot support a finding

of substantial evidence. *See* Obj. at 9–10; *Wilson*, 284 F.3d at 1227 ("In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."). The Magistrate Judge concluded that the ALJ did not need to include those impairments in the hypothetical because "the ALJ has found [them] to be unsupported." R&R at 31, 33 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)). Jordan points to no authority requiring an ALJ to include unsupported impairments in a hypothetical to a vocational expert. And as for his argument that the impairments—those "related to the use of the hands due to psoriasis and the use of cane for ambulation"—were not unsupported, Obj. at 9, the ALJ was permitted to discount those proffered impairments for the reasons explained above.

### D. Jordan's Argument that the ALJ Failed to Adequately Justify Her Decision to Discount His Testimony Fails

Finally, Jordan says that the ALJ failed to adequately justify her decision to discount his testimony. Obj. at 10. He points to the arguments already addressed above and further claims that the ALJ "cherry-picked" favorable evidence and cited improper factors to discount his testimony. *Id.* To the extent that this argument stands on the shoulders of arguments already rejected, it is without merit. As for his other arguments, Jordan fails to identify in his objection what evidence the ALJ "cherry picked" and what evidence she improperly considered. Obj. at 10. To the extent Jordan relies on his merits briefing, I

conclude that his arguments fail for the reasons expressed in the Magistrate Judge's Report and Recommendation.

## IV. CONCLUSION

Beyond the objections made by the plaintiff, I have reviewed the Magistrate Judge's factual and legal conclusions, and I adopt the Report and Recommendation. Accordingly, the following is **ORDERED:**

1. The plaintiff's Objection (Doc. 20) is **OVERRULED.**

2. The Magistrate Judge's Report and Recommendation (Doc. 19) is **ADOPTED** and made a part of this Order for all purposes.

3. The decision of the Commissioner is **AFFIRMED**.

4. The Clerk is directed to enter judgment in favor of the Commissioner, which shall read "The decision of the Commissioner is affirmed," terminate any pending deadlines, and **CLOSE** this case.

**ORDERED** in Tampa, Florida, on February 7, 2025.

Kathryn Kimball Mizelle
United States District Judge